# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

HILARIO DENIS-CONTRERAS,

    Petitioner,

v.

FLOURNOY, Warden,

    Respondent.

CIVIL ACTION NO.: 2:17-cv-122

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Hilario Denis-Contreras ("Denis-Contreras"), an inmate at the Federal Correctional Institute in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) I have conducted a preliminary review of Denis-Contreras's claims as required by Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Denis-Contreras's Petition and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Denis-Contreras *in forma pauperis* status on appeal.

## BACKGROUND

In his Petition, Denis-Contreras states that he is currently detained at FCI Jesup as a result of his conviction in the United States District Court for the District of New Mexico, Case Number 2:15-cr-2117. (Doc. 1, p. 1.) He states that he was sentenced in that federal case on February 26, 2016. (Id.) Denis-Contreras Petition also appears to challenge a decision of the

---

[1] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

"Immigration and Naturalization Services"[2] and an unspecified California court's April 2013 order that he be deported as part of a criminal sentence. (Id. at pp. 2, 5, 7.)

Denis-Contreras states that he was previously a lawful resident of the United States and was convicted in California of second degree robbery and fleeing in a stolen vehicle. (Id. at p. 7.) He states that, as part of that sentence, a California court ordered that he be deported. (Id.) Denis-Contreras apparently reentered the United States at some point after this sentence and deportation. Then, on March 21, 2015, he was arrested for reentry to the United States and sentenced to forty-two months. (Id.) Denis-Contreras contends that he "did not violate The Immigration Laws of the U.S.; nor was [he] convicted of a violent felony to be Deported in the first instance and ordered Deported and then being detained illegaly [sic]." (Id. at p. 8.) Thus, he asks that the Court release him from his current "Illegal Detention." (Id. at p. 9.)

## DISCUSSION

### I. Standard of Review

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). While pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the

---

[2] On March 1, 2003, Immigration and Naturalization Services ceased to exist as an agency with the Department of Justice and its enforcement functions were transferred to the Department of Homeland Security.

facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted). "To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

## II. Whether it Plainly Appears that Denis-Contreras is not Entitled to Relief

Though Denis-Contreras's Petition is not a picture of clarity, he asks this Court to set aside his conviction for illegal reentry and the resulting sentence entered in the United States District Court for the District of New Mexico. He is currently incarcerated as a result of that judgment, and he is asking this Court to release him from that custody. (Doc. 1, p. 9.) Denis-Contreras cannot seek such relief in this Court through a Section 2241 petition.

Habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir.

3

2013) (citation omitted). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under Section 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper. . . . A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

After McCarthan, to determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a Section 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under Section 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under Section 2241. To be sure, "[t]he remedy [afforded] by [a Section 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner could obtain relief under Section 2255 is not relevant to the McCarthan test. Thus, the "remedy" that must be "inadequate or ineffective" to trigger the saving clause is "the available process—not substantive relief." Id. at 1086.

"Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255[.]" Id. at 1090. For example, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Id. at 1091 ("A federal prisoner has one year to move to vacate his sentence under section 2255. But when a prisoner uses the saving clause to bring a claim that is cognizable in a motion to vacate, he bypasses his statute of limitations and gains limitless time to press claims that prisoners who meet the requirements of section 2255 do not receive."); Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed*, (Oct. 28, 2015) (quoting Wofford, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree

5

that the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion.")); see also United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective); Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective).

The Eleventh Circuit Court of Appeals emphasized that the saving clause has meaning because not all claims can be remedied by Section 2255. "A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." McCarthan, 851 F.3d at 1092–93 (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). "The saving clause also allows a prisoner to bring a petition for a writ of habeas corpus when the sentencing court is unavailable. Other circuits have held that a prisoner may file a petition for a writ of habeas corpus if his sentencing court has been dissolved." Id. at 1093 (quoting Prost v. Anderson, 636 F.3d 578, 588 (10th Cir. 2011) (explaining that, for military prisoners, "the resort to § 2241 is the norm rather than the exception . . . due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack")). Additionally, "perhaps practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a motion to vacate." Id. (citing Cohen v. United States, 593 F.2d 766, 771 & n.12 (6th Cir. 1979)). However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the Section 2255

court got it wrong. Id. at 1086, 1090. "If the saving clause guaranteed multiple opportunities to test a conviction or sentence, then the bar against second and successive motions under section 2255(h) would become a nullity." Id. at 1090.

This case does not present the "limited circumstances" warranting application of the saving clause. Denis-Contreras's claims—that his sentence is "illegal" and that he did not violate the laws of the United States—are the types of claims and requested relief that Section 2255 encompasses. Though his Petition is not entirely coherent, it is clear that Denis-Contreras is not attacking the manner in which his sentence is being executed but the sentence and resulting detention itself. He would have been permitted to bring these types of claims in a motion to vacate, and Section 2255 provides Denis-Contreras with an adequate procedure to test his claim.

Further, Denis-Contreras's Section 2255 remedy is not nullified merely because he cannot overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Denis-Contreras may face a statute of limitations bar to bringing a Section 2255 Motion does not itself render a Section 2255 motion inadequate or ineffective. Id.; Gilbert, 640 F.3d at 1308. Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provides Denis-Contreras an "adequate procedure" to test his conviction and sentence before the District of New Mexico. Consequently, Denis-Contreras cannot show that Section 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus."

McCarthan, 851 F.3d at 1099–1100. Because Denis-Contreras cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.

To the extent that Denis-Contreras challenges his prior conviction and sentence entered in an unidentified California court or a prior administrative immigration decision, that effort is also unavailing for numerous reasons. As an initial matter, he does not indicate why a Section 2241 petition in this Court would be the proper vehicle for attacking these decisions. Moreover, Denis-Contreras fails to provide "sufficient detail to enable the court to determine, from the face of the petition alone" that he is entitled to relief from these decisions. Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2. Additionally, "[w]hen a prisoner's sentence has fully expired, he is not 'in custody' as required by § 2241, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crimes is not enough to render him 'in custody.'" Jackson v. Sec'y for Dep't of Corr., 206 F. App'x 934, 935–36 (11th Cir. 2006) (citing Maleng v. Cook, 490 U.S. 488, 492 (1989)). However, when a habeas petition asserts a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. Maleng, 490 U.S. at 493-94; Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001). As explained above, if Denis-Contreras is asserting a challenge to his present sentence from the District of New Mexico, he cannot do so through a Section 2241 petition. Absent any attack on that present sentence, Petitioner is not currently "in custody" as a result of the judgment he challenges. See Eato v. Sec'y, Florida Dep't of Corr., No. 16-15688, 2017 WL 4876283, at *2 (11th Cir. Oct. 30, 2017) ("Although Petitioner may have been incarcerated at the time he filed his § 2254 petition, he was not 'in custody' pursuant to the judgment in [the case he seeks to attack]."). Moreover, the Supreme Court has held that if "a prior conviction

used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the movant's Section 2255 motion challenging the prior conviction will fail. Daniels v. United States, 532 U.S. 374, 382 (2001). Thus, a defendant is generally not entitled to collaterally attack his prior conviction through a motion under Section 2255 unless he alleges that the conviction was obtained in violation of the right to counsel. Id. The Court subsequently extended the holding in Daniels to petitioners challenging expired state sentences under Section 2254. Lackawanna, 532 U.S. at 396-97.

For all of these reasons, I recommend that the Court **DISMISS** Denis-Contreras Section 2241 Petition.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Denis-Contreras leave to appeal *in forma pauperis*. Though Denis-Contreras has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327

(1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Denis-Contreras's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Denis-Contreras *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Denis-Contreras's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Denis-Contreras *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Denis-Contreras with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of December, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA